IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HEIM, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-10-1491 |
| v. : | |
| : | (Judge Caputo) |
| DAUPHIN COUNTY PRISON, *et al.*, : | |
| : | |
| Defendants : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Joseph Heim, a prisoner who is presently incarcerated at the Retreat State Correctional Institution (SCI-Retreat) in Hunlock Creek, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 charging various employees and medical care providers at the Dauphin County Prison (DCP) denied him adequate medical care. Doc. 1, Compl. Presently before the Court is Mr. Heim's Motion for Injunctive Relief. Doc. 12, Mot. for Inj. In his motion he primarily recites the allegations of his Complaint and contends that DCP officials are denying him legal materials, writing paper, dental care, medical services and other programs.

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *Acierno v. New Castle County*, 40 F.3d 645, 647 (3d Cir. 1994). "A

preliminary injunction is an extraordinary remedy that is never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, __, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

In order to obtain preliminary injunctive relief pursuant to Fed. R. Civ. P. 65, the requesting party must show: (1) a likelihood of success on the merits; (2) irreparable harm resulting from the denial of relief; (3) granting the injunction will not result in irreparable harm to the non-moving party; and (4) granting the injunction is in the public interest. *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 556 (3d Cir. 2009)(citing *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356-57 (3d Cir. 2007)). Preliminary relief requires a showing of *likely* irreparable injury. *Winter,* 555 U.S. at ___, 129 S.Ct. at 375 (emphasis in original). In other words, "'a preliminary injunction will not be issued simply to prevent the possibility of some remote future harm.'" *Id.* (quoted case omitted).

With these considerations in mind, the Court will deny Mr. Heim's motion for injunctive relief as he cannot demonstrate immediate irreparable harm justifying preliminary injunction because he no longer resides at DCP, but has been transferred to SCI-Retreat. *See* Doc. 35, Change of Address. As such, it would appear his request for injunctive relief is now moot. It is well established that a prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-207 (3d Cir. 1992). For these reasons, the motion for preliminary injunctive relief will be denied.

**ACCORDINGLY, THIS  12th   DAY OF APRIL, 2011, IT IS HEREBY**

**ORDERED THAT** Mr. Heim's Motion for Injunctive Relief (doc. 12) is **DENIED.**


                                              **/s/ A. Richard Caputo**
                                              **A. RICHARD CAPUTO**
                                              **United States District Judge**