IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH HEIM, :
:
    Plaintiff :
:      CIVIL NO. 3:CV-10-1491
v. :
:      (Judge Caputo)
DAUPHIN COUNTY PRISON, *et al.*, :
:
    Defendants :

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On July 20, 2010, while housed at the Dauphin County Prison (DCP),[1] Joseph Heim filed this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his First, Eighth and Fourteenth Amendment rights when defendants failed to provide him with a properly prepared Kosher diet; ignored his weight loss concerns; denied him bottom bunk status; and terminated his receipt of Kosher meals due to false rumors that he had been selling them and consuming non-Kosher commissary items. Doc. 1, Compl. Mr. Heim has named three distinct groups of defendants in this action: (1) the DCP defendants (the DCP, Warden DeRose, Deputy Warden Nichols, Deputy Warden Carroll, the Dauphin County Commissioner's Office, Chairman Haste, Commissioner DiFrancesco, Commissioner Hartwick, the Dauphin County Solicitor's Office and Solicitor Frank Lavery); (2) Prime Care Medical, Inc. and its Chief Medical Officer, Carl Hoffman

---

[1] Mr. Heim currently is housed at SCI-Dallas, in Dallas, Pennsylvania.

(collectively referred to as the medical defendants); and (3) Amarak Food Service, Corp., and its Chief Executive Officer.

Presently before the Court is Mr. Heim's Motion for Leave to file an amended complaint. Doc. 48, Mot. to Am. In his motion, Plaintiff seeks to add additional defendants and new claims related to events that have occurred after the filing of the original action. *Id.* Mr. Heim seeks to add claims of retaliation, denial of adequate access to the courts, and new medical claims. Doc. 50, Br. in Supp. Pl.'s Mot. to Am. These claims definitively took place outside the original time span of his original complaint (October 8, 2008 through February 25, 2009). Doc. 1, Compl. Only the Aramark defendants have opposed the motion. For the reasons that follow, Mr. Heim's motion to amend will be denied.

Initially, the Court notes that although Plaintiff attaches a Certificate of Service to his various filings, he remarks that he only served the Office of the Clerk with a paper copy of his filings. He suggests that service on the defendants was accomplished by the Court via the Court's electronic docketing of his filings which in turn generates a Notice of Electronic filing which is sent to all parties.[2] Mr. Heim is

---

[2] Fed. R. Civ. P. 5(a), requires a party to serve on the other parties to the lawsuit copies of motions, briefs, and other documents accompanying those filings. Fed. R. Civ. P. 5(b) outlines how service must be made. Mr. Heim is not a registered user of the Court's Electronic Case Filing (ECF) system, and thus is required to file all documents in paper form rather than electronically. Likewise, as Mr. Heim is not a "filing user" of this Court' ECF system, he cannot send or "serve" defendants electronically. This Court's generation of a Notice of Electronic Filing when we docket his filings does not fall within any acceptable means of "service" of the documents on the defendants as defined by the Federal Rules of Civil Procedure or this Court's Local Rules. *See* Fed. R. Civ. P. 5(b); Pa. M.D. Local Rule 5.7 and Standing Order 05-6, In RE: Electronic Case Filing Policies and Procedures, Section 12, Service of Documents by Electronic Means. Thus, Mr. Heim did not properly serve defendants with his Motion to Amend and related documents.

cautioned that he must properly serve all defense counsel.  Failure to do so may result in future documents being stricken from the record.

Turning now to Mr. Heim's request to amend the complaint, the filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>
> (A)  21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  This Court's Local Rules require that a proposed amended pleading must accompany a motion.  *See* Local Rule 15.1(a).  The "amended pleading must be retyped or reprinted so that it will be complete in itself".  *Id.*

Based on the procedural history of this case, Plaintiff no longer has the option to file an amended complaint as a matter of course.  The Complaint in this matter was filed on July 20, 2010, all three groups of defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The last one was filed by Aramark on October 12, 2010.  *See* Doc. 39.  Additionally, Mr. Heim has not offered any proof that he obtained the written consent of the three groups of defendants.  Furthermore, the draft "Addendum" submitted by Joseph Heim does not comply with the Local Rules as it is not a complete amended complaint.  Rather, it is a series of

supplemental pages of new allegations against new defendants he wishes to have read in conjunction with various parts of the original complaint. *See* Doc. 49, Proposed Addendum.

While the court may freely grant leave to amend a complaint, based on a review of Mr. Heim's incomplete proposed amended complaint, which was not properly served on defendants, and seeks to include new defendants and unrelated claims that have arisen since the filing of his present Complaint, the Court will deny the motion.

ACCORDINGLY, THIS 27TH DAY OF MAY, 2011, IT IS HEREBY

ORDERED THAT:

1.    Plaintiff's Motion for Addendums Addition
      (doc. 48) shall be construed as a Motion to
      file an Amended Complaint.

2.    Plaintiff's Motion to file an Amended
      Complaint (doc. 48) is denied.

3.    Plaintiff is cautioned that his failure to
      properly serve the defendants with his
      filings may result in sanctions.

A. RICHARD CAPUTO
United States District Judge